## THE MURCHISON NATIONAL BANK v. REYNOLDS *ET AL.*

### (121 S. E., 673)

1. APPEAL AND ERROR—FINDING THAT COURT ACQUIRED JURISDICTION OF INFANT DEFENDANTS, SUPPORTED BY AMPLE EVIDENCE, NOT DISTURBED.—Whether the Circuit Court acquired jurisdiction of infant defendants by service of the summons and complaint and notice to apply for the appointment of a guardian *ad litem held* a question of fact, upon which the Circuit Judge's finding, supported by ample evidence, will not be disturbed.

2. INFANTS—CONSENT ORDER ENTERED BY ATTORNEYS AND GUARDIAN AD LITEM OF INFANT DEFENDANTS NOT DISTURBED.—An order consented to by the attorneys and the guardian *ad litem* of infant defendants, adjudging that their alleged title was subsequent and inferior to the claims of creditors, *held* not shown to be so prejudicial to infants' interests as to warrant the Supreme Court in interfering with the order.

Before SHIPP, J., and DEVORE, J., Darlington, February and March, 1923. Affirmed.

Action by the Murchison National Bank against J. B. Reynolds and others and Ernest Clifford Reynolds and

others. From two orders favorable to the first group of defendants, the second group of defendants appeal.

*Messrs. Tatum & Jennings,* for appellant, cite: *Proper service on infant under fourteen:* 23 S. C., 154; 88 S. C., 1. *Infant cannot accept service:* 17 S. C., 435; 23 S. C., 187; 24 S. C., 373. *Infant not bound by notice of proceeding to which he is not proper party:* 24 S. C., 373. *Judgment void as to parties not within jurisdiction of the Court:* 24 S. C., 398. *Infant defendant not personally served is not bound by answer filed by his guardian ad litem:* 25 S. C., 275. *Infant not bound by judgment rendered in a cause in which he was not represented by guardian ad litem:* 17 S. C., 435. *Irregularities in appointment of guardian ad litem after proper service on infant makes judgment voidable:* 35 S. C., 391; 56 S. C., 96; 100 S. C., 1. *Presumption that attorney has authority to represent client does not apply to infant; duty of guardian ad litem:* 115 S. C., 335; 117 S. C., 175.

*Messrs. George E. Dargan* and *T. C. Cork,* attorneys for certain respondents, cite: *Valid appointment of guardian ad litem revoked by subsequent appointment:* 121 S. C., 252; 75 S. C., 482. *Petition for appointment proper:* 51 S. C., 398. *Rights of infants not prejudiced and judgment should not be disturbed:* 56 S. C., 96; 79 S. C., 47; 71 S. C., 21.

March 5, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from two orders made in the case—one by Judge Shipp granting an order *nisi* for writ of assistance, and the other by Judge DeVore overruling a motion to set aside the judgment and vacate sale thereunder.

The exceptions raise three questions: First, was jurisdiction acquired of the infants? Second, if jurisdiction was acquired, were the infants represented by a properly

appointed guardian *ad litem?* Third, if jurisdiction was acquired of the infants, and they were represented by a properly appointed guardian *ad litem,* should the judgment be vacated upon the ground that the guardian *ad litem* had no right to waive a trial of issue of title and to consent that all the judgments, mortgages, and interveners' claims against J. B. and Minnie F. Reynolds should be prior to their rights in the premises?

As to whether the Court acquired jurisdiction of the defendants by service of the summons and complaint and notice to apply for the appointment of guardian *ad litem*: This was a question of fact to be determined by the Circuit Court, upon the record in the case. It was considered by the Circuit Judge. His finding was adverse to the contention of the appellants, and we see no reason for disturbing his finding, as there is ample evidence to support it.

As to the second group of exceptions, we are satisfied from the record in the case that W. M. Stokes was properly appointed guardian *ad litem* on the application of Messrs. Miller and Lawson, and that all the requirements under the law as to appointing guardians *ad litem* were complied with.

The appellants' third contention is that the order of Judge McIver, consented to by their attorneys and Stokes, their guardian *ad litem,* deprived them of the mode of trial guaranteed by law, and adjudged that their alleged deed from Sarah Tibitha Windham, was subsequent and inferior to the claims of a large number of the creditors of J. B. and Minnie F. Reynolds; that thereby their rights were prejudicially affected.

The appellants cannot now, at this stage of the proceedings, repudiate what has been done by their attorneys and guardian *ad litem,* as we have found duly and legally appointed.

It has not been shown that the interests of the infants have been prejudiced to such an extent as to warrant us in interfering with the order of the Circuit Court. They have had their day in Court, and have been represented by careful and able attorneys.

All exceptions are overruled, and judgment affirmed.

Messrs. Justices Fraser, Cothran and Marion concur.

Mr. Chief Justice Gary did not participate.